UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X        13-CV-3868 (AT)

ELVIN ESTRADA,

                                                                          VERIFIED COMPLAINT
               Plaintiff,                           AND DEMAND FOR
                                                                          A JURY TRIAL

     -against-

THE CITY OF NEW YORK,  N.Y.C. POLICE
OFFICER STANLEY PARKER, SHIELD #6396,
AND N.Y.C. POLICE OFFICERS "JOHN DOES",
EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

                       Defendants.

-----------------------------------------------------------X

       1.    This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States by reason of the unlawful acts of defendants.


## JURISDICTION

       2.    This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.


## PARTIES

       3.    Plaintiff is a resident of New York County, New York City in New York State.

       4.    At all times hereinafter mentioned, the Defendant Police Officers were  employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the

1

scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

**THREE SEPARATE INCIDENTS OF FALSE ARRESTS**

<u>INCIDENT #1 (March 13, 2011)</u>

9. On March 13, 2011, at approximately 1:30 A.M., Plaintiff was in the vicinity of 2640 8th Avenue, in Manhattan, New York.

10. That nigt, Plaintiff had been at a friend's birthday party in the above-mentioned building.

11. When the party was over, Plaintiff and a few friends left the apartment and were going to take the stairs down.

12. However, before they got to the stairway, approximately 8-10 police officers came onto the floor.

13. One of Plaintiff's friends, Chris, was on his cellphone. He got on the elevator, and an

officer told him to come over. When he didn't respond, the officer got on the elevator and knocked his phone from his hand, grabbed Chris and arrested.

14. Another officer grabbed another of Plaintiff's friends and threw him against the wall.

15. When Chris's mother came outside to see what was going on, an officer hit her[1].

16. Plaintiff stated to the police, "You're wilding, you're OD'ing". At that point, the officers grabbed plaintiff and a bunch of other kids and arrested them.

17. Plaintiff had committed no crime nor did the police possess probable cause to believe he had done so.

18. Nonetheless, the defendant police officer arrested him and charged him with disorderly conduct and trespass.

19. Plaintiff was incarcerated for approximately 2-3 hours before being given two summonses and released.

20. On the court date of May 24, 2011, Plaintiff accepted an Adjournment in Contemplation of Dismissal. Six months later the case was in fact dismissed.

INCIDENT #2 (On or about April 11, 2011)

21. On or about April 11, 2011, Plaintiff was walking with some friends in the vicinity of 135th Street and 8th Avenue, in Manhattan.

15. Plaintiff was shopping for a dress shirt for Easter Sunday.

16. Nearby a minor scuffle had broken out between some kids.

17. One of the kids that had been fighting walked over to Plaintiff.

18. At that point, the officer asked both Plaintiff and the person who had been fighting for

---

[1] Although Chris's mother was not arrested, upon information and belief, she filed a civil rights lawsuit against the police which has been settled by the City.

identification.

19. Plaintiff asked why he was being stopped, but no answer was given.

20. The other kid became belligerent and the officer responded by arresting both individuals.

21. Plaintiff was taken to the 32nd precinct and released with a summons after a few hours in custody (Arrest #634864).

22. On the court date of May 17, 2011, the District Attorney's Office declined to prosecute Plaintiff.

INCIDENT #3 (March or April, 2012)

23. On an unknown date in the Spring, 2012, at about 4 P.M., Plaintiff was standing on 141st Street and 8th Avenue talking to two girls.

24. For no apparent reason, the police told all three of them to move off the corner.

25. Plaintiff walked one of the girls part way home, and then turned back to go home.

26. Plaintiff was walking in the vicinity of the same location, as he lives at 323 W. 141st Street, when the police stopped him and accused him of refusing to move from the corner.

27. Plaintiff told them he was heading home, but the police asked him for identification and told him he had outstanding warrants.

28. The police took him to the 32nd precinct, then the 28th precinct, and then on to Central Booking.

29. Upon information and belief, the police charged him with loitering.

30. Approximately 24 hours later, Plaintiff accepted an ACD at his criminal court arraignment.

FACTS AS THEY APPLY TO MONELL CLAIM

31. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and

removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

32. Defendant City knew or should have known that prior to May 24, 2004, of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

33. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

### THREE CAUSES OF ACTION FOR <u>VIOLATION OF CIVIL RIGHTS</u> (False Arrests –Three Dates)

34. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

35. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

36. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

37. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## THREE CAUSES OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS
### (Monell Claims: Three Incidents)

38. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

39. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

40. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York

for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
June 6, 2013

                                          RESPECTFULLY,

                                          STEVEN A. HOFFNER, ESQ.
                                          Attorney for the Plaintiff
                                          325 Broadway, Suite 505
                                          New York, New York 10007
                                          Tel:   (212) 941-8330
                                          Fax:   (646) 810-4031
                                          (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
June 6, 2013

_____
STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ELVIN ESTRADA,

        Plaintiff,

   -against-

THE CITY OF NEW YORK, N.Y.C. POLICE
OFFICER STANLEY PARKER, SHIELD #6396,
AND N.Y.C. POLICE OFFICERS "JOHN DOES",
EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

        Defendants.

-----------------------------------------------------------X

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

    Attorney for Plaintiff
    Steven Hoffner, Esq.
    325 Broadway, Suite 505
    New York, New York 10007
    Tel    (212) 941-8330
    Fax   (646) 810-4031

9